# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ramon Casimiro Peraza Viera, | No. CV 17-03108-PHX-DLR (DMF) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| v. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

**TO THE HONORABLE DOUGLAS L. RAYES, UNITED STATES DISTRICT JUDGE:**

Ramon Casimiro Peraza Viera ("Petitioner") filed his federal habeas petition pursuant to 28 U.S.C. § 2254 ("Petition") on September 11, 2017, challenging his conviction entered by the Maricopa County Superior Court. (Doc. 1)  The Court ordered that Respondents answer the Petition (Doc. 13).  Respondents filed a Limited Answer (Doc. 17), and Petitioner filed a Reply (Doc. 18).  This matter is ripe for decision.  For the reasons set forth below, the undersigned Magistrate Judge recommends that this Court deny and dismiss the Petition with prejudice as untimely filed pursuant to 28 U.S.C. § 2244(d) and deny a certificate of appealability.

## I.    BACKGROUND

### A.    Convictions and Sentences

Petitioner was convicted pursuant to a plea agreement of attempted child molestation and indecent exposure to a minor in Maricopa County Superior Court, case # CR 2013-447910 (Doc. 17-1 at 11-14, 21-24, 27-33).  On February 18, 2015, Petitioner was sentenced to a ten-year term of imprisonment followed by lifetime probation, which

was the minimum sentence under the terms of the plea agreement (Docs. 17-1 at 21-24, 27-34). Petitioner was represented by counsel throughout such proceedings (Doc. 17-1 at 11-14, 16, 23, 27-33).

### B. Appeal and PCR Proceedings

Petitioner did not appeal his conviction and sentence (Doc. 1 at 2), which he could not do, in any event, because he was convicted by plea agreement. *See A.R.S. § 13–4033(B); Summers v. Schriro*, 481 F.3d 710, 711-717 (9th Cir. 2007) (concluding that an "'of right proceeding,' available under Arizona Rule of Criminal Procedure 32 to criminal defendants who plead guilty or no contest, is a form of 'direct review' within the meaning of 28 U.S.C. § 2244(d)(1)")

At his sentencing, Petitioner acknowledged that he understood he had the right to file an of-right petition for post-conviction relief within 90 days (Doc. 17-1 at 34-35). Nevertheless, Petitioner waited nearly a year, until January 25, 2016, to file his first notice of post-conviction relief (Doc. 17-1 at 36-39). The superior court properly determined that Petitioner's notice of post-conviction relief was untimely and failed to state a colorable claim for which relief could be granted in an untimely proceeding (Doc. 17-1 at 40-42). As a result, the court dismissed the notice on May 2, 2016 (Doc. 17-1 at 40-42). Petitioner did not appeal the dismissal.

Petitioner subsequently filed a second notice of post-conviction relief (Doc. 17-1 at 43-46), which the superior court dismissed as untimely and failing to state a colorable claim for which relief could be granted in a successive proceeding (Doc. 17-1 at 47-49). The Arizona Court of Appeals affirmed the dismissal (Doc. 17-2 at 70-73). Thereafter, Petitioner submitted other filings in the superior court, which were construed as third and fourth notices of post-conviction relief (Doc. 17-2 at 1-57, 63-69, 75). The third notice was dismissed after the superior court determined that it failed to state a colorable claim for which relief could be granted in a successive and untimely post-conviction-relief proceeding (Doc. 17-2 at 58-62). Petitioner did not appeal. The fourth notice of post-conviction relief, filed in December, 2017 (Doc. 17-2 at 63-69), was still pending at the time of Respondent's Limited Answer (Doc. 17 at 5; Doc. 17-2 at 75).

### C.    Petitioner's Habeas Claims

Petitioner asserts eleven grounds in his Petition, which was filed with this Court on September 11, 2017 (Doc. 1).  In his Petition, Petitioner names Charles L. Ryan as Respondent and the Arizona Attorney General as an Additional Respondent.

In Ground One, Petitioner alleges that the trial lacked jurisdiction to try him for dangerous crimes against children charged in the indictment, which Petitioner alleges was predicated on fraudulent representations.  In Ground Two, Petitioner alleges the trial court lacked jurisdiction because "'State of Arizona' style of process" rendered the indictment void.  In Ground Three, Petitioner alleges the trial court lacked jurisdiction because there were no valid laws cited in the indictment to which Petitioner was constitutionally subject.  In Ground Four, he alleges that the trial court lacked jurisdiction to try him on charges for dangerous crimes against children where the indictment failed to state a dangerous offense.  In Ground Five, he alleges the trial court lacked jurisdiction because the names contained in the indictment were fictitious and no "bona fide contract exist[ed]." (Doc. 1 at 29.)  In Ground Six, Petitioner alleges the trial court lacked jurisdiction where it denied Petitioner the right to counsel.  In Ground Seven, Petitioner alleges the trial court lacked jurisdiction to enter a judgment of guilt where Petitioner was denied the right to the effective assistance of counsel.  In Ground Eight, Petitioner alleges that Arizona Revised Statute § 13-705 is constitutionally void for vagueness.  In Ground Nine, he alleges that the trial court lacked jurisdiction when it accepted his plea on repetitive charges of a dangerous crime against children that failed to state a dangerous offense.  In Ground Ten, Petitioner alleges that the trial court lacked jurisdiction when it entered a judgment of guilt and sentenced him on repetitive charges of dangerous crimes against children after the court stated on the record that the each offense was nondangerous and non-repetitive.  In Ground Eleven, he alleges the trial court lacked jurisdiction when court-appointed counsel and the prosecutor duped, tricked, and coerced Petitioner, who was not charged or named in the indictment and plea agreement, to sign the plea agreement.

Respondents contend that each of Petitioner's grounds for relief fails because the

Petition was untimely filed and because Petitioner failed to properly exhaust any of the grounds in the state courts, causing all the claims to be procedurally defaulted without excuse (Doc. 17).  Further, Respondents argue Petitioner waived Grounds One through Nine by pleading guilty (*id.*).

## II.    LEGAL ANALYSIS

### A.    AEDPA Statute of Limitations

A threshold issue for the Court is whether the habeas petition is time-barred by the statute of limitations.  The time-bar issue must be resolved before considering other procedural issues or the merits of any habeas claim.  *See White v. Klitzkie*, 281 F.3d 920, 921–22 (9th Cir. 2002).  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Petitioner's habeas petition because he filed it after April 24, 1996, the effective date of the AEDPA.  *Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001) (citing *Smith v. Robbins*, 528 U.S. 259, 267 n.3 (2000)).

Under the AEDPA, a state prisoner seeking federal habeas relief from a state court conviction is required to file the petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  If a defendant is convicted pursuant to a guilty or no contest plea in the Arizona state courts, then the first post-conviction proceeding is considered a form of direct review and the conviction becomes "final" for purposes of Section 2244(d)(1)(A) when the Rule 32 of right proceeding concludes or the time for filing such expires.  *Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007) (conviction pursuant to plea agreement is final on expiration of the time for seeking Rule 32 relief).

Here, Petitioner was sentenced on February 18, 2015.  He had 90 days, or until May 19, 2015, to file an of-right PCR notice.  *See* Ariz. R. Crim. P. 32.4.  He did not file an of-right PCR notice with that time.  Thus, his conviction became final on May 20, 2015, and AEDPA;s 1-year statute of limitations began to run.  The limitations period expired one year later, on May 20, 2016.  *See Patterson v. Stewart*, 251 F.3d 1243, 1247 (9th Cir. 2001) ("Excluding the day on which Patterson's petition was denied by the

Supreme Court [June 19, 1997], as required by Rule 6(a)'s "anniversary method," the one-year [AEDPA] grace period began to run on June 20, 1997 and expired one year later, on June 19, 1998"). Consequently, the Petition filed on September 11, 2017, is untimely absent sufficient statutory or equitable tolling or a showing of actual innocence under *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

### B.    Statutory Tolling

The AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A state PCR petition not filed within the state's required time limit, however, is not "properly filed," and the petitioner is not entitled to statutory tolling during those proceedings. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."); *Allen v. Siebert*, 552 U.S. 3, 6 (2007) (finding that inmate's untimely state post–conviction petition was not "properly filed" under the AEDPA's tolling provision, and reiterating its holding in *Pace*, 544 U.S. at 414). Once the AEDPA limitations period expires, a subsequently filed state post-conviction proceeding cannot restart the statute of limitations. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (noting that the limitations period is not reinstated by applications for state post-conviction relief filed after expiration of the AEDPA statute of limitations). "A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000). Further, a second PCR proceeding that is deemed untimely does not toll the time between the first and second PCR proceedings. *Hemmerle v. Schriro*, 495 F.3d 1069, 1075 (9th Cir. 2007).

All of Petitioner's PCR proceedings were deemed untimely and/or were filed after AEDPA's 1-year limitations period had expired. Therefore, none of Petitioner's PCR proceedings were "properly filed." Accordingly, Petitioner is not entitled to statutory tolling.

### C.    Equitable Tolling

The U.S. Supreme Court has held "that § 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645, 130 S.Ct. 2549, 2560 (2010). The AEDPA limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. *Id.* at 645–46.  It is a petitioner's burden to establish that equitable tolling is warranted. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) ("Our precedent permits equitable tolling of the one-year statute of limitations on habeas petitions, but the petitioner bears the burden of showing that equitable tolling is appropriate.").

The Ninth Circuit Court of Appeals "will permit equitable tolling of AEDPA's limitations period 'only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (*quoting Calderon v. U.S. Dist. Ct.*, 163 F.3d 530, 541 (9th Cir. 1998) (en banc), *abrogated on other grounds by Woodford v. Garceau*, 538 U.S. 202 (2003) (citations omitted)). Put another way, for equitable tolling to apply, a petitioner must show "(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way" to prevent him from timely filing a federal habeas petition. *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).   "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence."  *Id.* at 653 (internal citations and quotations omitted). Whether to apply the doctrine of equitable tolling "'is highly fact-dependent,' and [the petitioner] 'bears the burden of showing that equitable tolling is appropriate.'" *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005) (internal citations omitted); *see also Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (stating that equitable tolling is "unavailable in most cases," and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule") (citations and internal emphasis omitted).

Petitioner does not allege that he is entitled to equitable tolling.  Nor does the Petition set forth grounds that would justify equitable tolling.  As Petitioner has not met

his burden of showing that extraordinary circumstances made it impossible for him to file a timely federal petition, equitable tolling is therefore unavailable.

Petitioner has failed to meet his burden of showing extraordinary circumstances or reasonable diligence that would justify equitable tolling.  Additionally, the record does not reveal any extraordinary circumstances that prevented Petitioner from filing a timely federal habeas corpus petition.

### D.     Actual Innocence Exception

If a district court finds that a federal habeas petition is untimely, the untimeliness may be excused in rare instances by an equitable exception to AEDPA's statute of limitations.  In *McQuiggin v. Perkins,* 569 U.S. 383, 391-396 (2013), the Supreme Court held that the "actual innocence gateway" to federal habeas review that applies to procedural bars in *Schlup v. Delo,* 513 U.S. 298, 327 (1995), and *House v. Bell,* 547 U.S. 518 (2006), extends to petitions that are time-barred under AEDPA.  S*ee Schlup v. Delo*, 513 U.S. 298, 329 (1995) (petitioner must make a credible showing of "actual innocence" by "persuad[ing] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.").  However, Petitioner does not argue, let alone meet, this excuse for untimeliness of the Petition.

### III.    CONCLUSION

Petitioner filed the pending Petition after expiration of the AEDPA statute of limitations, and statutory and equitable tolling do not render the petition timely; nor has Petitioner shown actual innocence to overcome the untimeliness. Accordingly, the Petition is untimely under 28 U.S.C. § 2244(d)(1).  The Magistrate Judge recommends that the petition be denied and dismissed and no certificate of appealability be issued because dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable.

Assuming the recommendations herein are followed in the District Judge's judgment, the District Judge's decision will be on procedural grounds. Under the reasoning set forth herein, reasonable jurists would not find it debatable whether the District Court was correct in its procedural ruling. Accordingly, to the extent the Court

adopts this Report and Recommendation as to the Petition, a certificate of appealability should be denied.

Accordingly,

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be denied and dismissed with prejudice.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability be denied because dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties shall have fourteen days within which to file responses to any objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determination of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 5th day of June, 2018.

_____
Honorable Deborah M. Fine
United States Magistrate Judge

- 8 -