IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ramon Casimiro Peraza Viera,<br><br>Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>Respondents. | No. CV-17-03108-PHX-DLR-(DMF)<br><br>**ORDER**<br>**and**<br>**DENIAL OF CERTIFICATE OF APPEALABILITY AND IN FORMA PAUPERIS STATUS** |

Pending before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Deborah M. Fine (Doc. 19) regarding Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1). The R&R recommends that the Amended Petition be denied and dismissed with prejudice. The Magistrate Judge advised the parties that they had fourteen days from the date of service of a copy of the R&R to file specific written objections with the Court. (Doc. 19 at 6 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6 and 72).) Petitioner filed his Objections to R&R on June 22, 2018 (Doc. 20), and the Respondents filed their Response to Petitioner's Objections to the R&R on June 27, 2018 (Doc. 21).

The Court has considered the objections and reviewed the R&R de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (stating that the court must make a de novo determination of those portions of the Report and Recommendation to which specific objections are made).

The Magistrate Judge correctly found that Petitioner's Petition is time barred by the statute of limitations contained on the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA has a limitations period of 1-year for state prisoners seeking federal habeas relief from a state court conviction, beginning from the date the conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The Petition was filed more than two years after his state conviction became final.

Petitioner was convicted as result of a guilty plea. When Petitioner was sentenced on February 18, 2015, he had 90 days, until May 19, 2015, to file an of-right Petition for Post-Conviction Relief ("PCR"). Instead he brought his first of four PCRs in January 25, 2016, eight months past the 90 day deadline. When a defendant is convicted as the result of a guilty plea in an Arizona state court, the first PCR is considered a form of direct review and the conviction becomes "final" for purposes of Section 2244(d)(1)(A) when the PCR of right proceeding concludes or the time to file it expires. *Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007). Because Petitioner did not file a PCR within the time required under state law, his conviction became final on the 91st day after his conviction, May 20, 2015. His one year limitation period expired on May 20, 2016. The Petition filed on September 11, 2017, is untimely. The R&R correctly determined that there is no allegation and no grounds that would justify a finding of extraordinary circumstances warranting equitable tolling. There is no argument or showing of actual innocence under *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Petitioner's Objections to Magistrate Judge's R&R do not argue or meet any excuse for the untimeliness of his Petition. The Magistrate Judge correctly found that the Petition is time-barred by the statute of limitations.

The Court accepts the recommended decision within the meaning of Rule 72(b), Fed. R. Civ. P., and overrules Petitioner's objections. *See* 28 U.S.C. § 636(b)(1) (stating

that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate").

**IT IS ORDERED** that R&R of the Magistrate Judge (Doc.19) is accepted.

Having considered the issuance of a Certificate of Appealability from the order denying Petitioner's Petition for a Writ of Habeas Corpus, a Certificate of Appealability and leave to proceed in forma pauperis on appeal are denied because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right.

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED**, and dismissed with prejudice. The Clerk shall terminate this action.

Having considered the issuance of a Certificate of Appealability from the order denying Petitioner's Petition for a Writ of Habeas Corpus, a Certificate of Appealability and leave to proceed in forma pauperis on appeal are denied because dismissal of the Petition is justified by a plain procedural bar.

Dated this 21st day of August, 2018.

Douglas L. Rayes
United States District Judge